UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV - LENARD

CASE NO.: 01-6736

ACCESS FOR THE DISABLED, INC., and JOHN GARON,

Plaintiffs,

vs.

MAGISTRATE TURNOFF

PUBLIX SUPERMARKETS, INC., and DRAGON VILLAGE, INC.,

Defendants.

_______________________________________/ **INJUNCTIVE RELIEF SOUGHT**

2001 MAY -4 PM 1:2
CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL

**COMPLAINT**

Plaintiffs, ACCESS FOR THE DISABLED, INC. and JOHN GARON (hereinafter, "Plaintiffs"), by and through the undersigned counsel, hereby sue the Defendant, PUBLIX SUPERMARKETS, INC., and DRAGON VILLAGE, INC. (hereinafter, "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36, App. A (hereinafter, the "ADAAG"), and allege as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2202).

**PARTIES**

2. Plaintiff, John Garon, is a resident of the State of Florida and this judicial district, is sui juris, and is disabled as defined by the ADA and substantially limited in performing one or more

major life activities, including but not limited to walking, standing, grabbing, grasping and pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the Facility and/or his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the unlawful physical barriers to access which exist at the Facility, including those set forth in this Complaint.

3. Access for the Disabled, Inc., is a non-profit Florida corporation. The members of this organization include John Garon and other individuals with disabilities as defined by the ADA. This organization's purpose is to represent its members' interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, John Garon, and other members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. Access for the Disabled, Inc., has also been discriminated against because of its association with its disabled members and their claims.

4. Plaintiffs have suffered and continue to suffer direct and indirect injury as a result of the Defendant's actions or inaction described herein.

5. The Defendant transacts business in the State of Florida and within this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as the Dragon Restaurant and Lounge, located at 5503 West Oakland Park Blvd., Lauderhill, Florida (hereinafter, the "Facility").

**FACTUAL ALLEGATIONS AND CLAIM**

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter, the "ADA"), 42 U.S.C. §12101, *et seq.*

7. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

8. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing

discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101 (b)(1)(2) and (4).

9. The congressional legislation provided commercial businesses one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 C.F.R. §36.508 (a).

10. The Facility which is owned, leased and/or operated by the Defendant and which is the subject of this action includes a restaurant, public parking and restrooms.

11. Plaintiffs have attempted to and have, to the extent possible, accessed the Facility, but could not do so due to the unlawful physical barriers and ADA violations that exist at the property that preclude and/or limit their access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those physical barriers and ADA violations more specifically set forth in this Complaint.

12. Plaintiffs will visit Defendant's Facility in the future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this facility, and utilizing parking, seating, tables, and restroom facilities.

13. The Facility which is the subject of this action is a public accommodation and/or service establishment covered by the ADA and which must be in compliance therewith. The Facility is not in compliance with the ADA, which precludes and/or limits the Plaintiffs' ability to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages

and/or accommodations of the Facility because of the Plaintiffs' disabilities.

14. The Defendant has discriminated against the Plaintiffs and others with disabilities, including other members of Access for the Disabled, Inc., by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12181, *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv).

15. Pursuant to the mandates of 42 U.S.C. §12134 (a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 CFR Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. 12181, *et seq.*, and 28 CFR 36.302, *et seq.*

16. Defendant has discriminated against Plaintiffs by failing to comply with the above requirements. A specific, although not exclusive, list of the unlawful physical barriers to access and ADA violations which preclude and/or limit the Plaintiffs' ability to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility because of the Plaintiffs' disabilities now and in the future, include:

(i) There is no accessible route from the street or public sidewalk as required by ADAAG 4.1.2, thereby restricting and/or limiting Plaintiffs' access to the Facility.

(ii) There are no accessible parking spaces at the Facility, as required by ADAAG 4.1.2.5, 4.6.2 and 4.6.3, thereby restricting and/or limiting Plaintiffs' access to the Facility and use of the Facility.

(iii) There is no accessible route from the parking to the Facility, as there is a change in elevation of greater than ½" to the entrance of the Facility, and no marked path of access, in violation of ADAAG 4.3.8 and 4.3, thereby restricting and/or limiting Plaintiffs' access to the Facility and use of the Facility.

(iv) The door hardware requires tight pinching, grasping or twisting of the wrist to operate, in violation of ADAAG 4.13.9, thereby restricting and/or limiting Plaintiffs' access to the Facility.

(v) The restrooms do not comply with the ADA in that they do not have the maneuvering space as required by ADAAG 4.22.3, thereby restricting and/or limiting Plaintiffs' ability to use the public restrooms at the Facility.

(vi) The restrooms do not have grab bars behind the toilets as required by ADAAG 4.16.4, thereby restricting and/or limiting Plaintiffs' ability to use the public restrooms.

(vii) The lavatories in the restrooms are not in accordance with ADAAG 4.19.2, thereby restricting and/or limiting Plaintiffs' ability to use the public restrooms.

The above listing is not to be considered all-inclusive of the violations encountered by the Plaintiffs and/or which exist at the Facility.

17. The Plaintiffs have attempted to gain access to the Facility, but have been denied access to, and have been denied the benefits of services, programs and activities of the Facility, and have otherwise been discriminated against and damaged by the Defendant, because of the physical

barriers to access and ADA violations set forth above, and expect to be discriminated against in the future by the Defendant unless and until Defendant is compelled to remove the barriers and ADA violations.

18. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay the undersigned counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

19. Plaintiffs have been obligated to retain an expert witness for the filing and prosecution of this action, and have agreed to pay said expert reasonable expert's fees and costs from Defendant pursuant to 42 U.S.C. §12117 and 42 U.S.C. §1988.

20. Pursuant to 42 U.S.C. §12188, this Court is provided authority to grant Plaintiffs' injunctive relief including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiffs respectfully request that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering the Defendant to alter the subject Facility as appropriate to comply with the ADA, closing the subject Facility until the requisite modifications are completed, and awarding Plaintiffs their attorneys' fees, expert fees, costs and expenses incurred in this action.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Plaintiffs

TODD W. SHULBY
Florida Bar No.: 068365

JS 44
(Rev. 12/96)

CIV-LENARD

# CIVIL COVER SHEET

01-6736

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Access for the Disabled, Inc., and John Garon,

**DEFENDANTS**

Publix Supermarket, Inc., and Dragon Village, Inc.,

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

7 BROWARD 01CV6736-LENARD / WC

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Todd W. Shulby
White lock + Assoc., P.A. (954) 463-2001
206 SE 13 St., FtL, FL 33316

ATTORNEYS (IF KNOWN)

MAGISTRATE TURNOFF

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☒ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S)** (See instructions) **IF ANY** JUDGE ______ DOCKET NUMBER ______

DATE 5/4/01

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 522269 AMOUNT 150.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______